## HAMILTON *v.* DETROIT UNITED RAILWAY.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—STREET RAILWAYS.

Upon a record showing that a passenger alighted from defendant's car at a crossing, where the road was double tracked, the track being straight and level, that although he looked and listened, he neither saw nor heard a car coming, but was struck by a south-bound car as he stepped on the west rail, any possible error committed at the trial was immaterial after a verdict rendered for defendant, since plaintiff was guilty of contributory negligence.

Error to Oakland; Smith, J. Submitted June 26, 1911. (Docket No. 77.) Decided September 29, 1911.

Case by John Hamilton against the Detroit United Railway for personal injuries. Judgment for defendant. Plaintiff brings error. Affirmed.

*Thos. J. Mahon, F. L. Covert*, and *B. M. Henderson*, for appellant.

*James H. Lynch*, for appellee.

MOORE, J. Plaintiff sued to recover damages for injuries received by him while attempting to cross defendant's railroad track. The case was tried before a jury, which returned a verdict in favor of defendant. The case is brought here by writ of error.

The plaintiff is upwards of 60 years of age. He was a passenger on a north-bound suburban car out of Detroit. He left the car at the 8-mile road. He had with him a bag of provisions, which, after leaving the car, he threw over his shoulder, and started to go across the tracks. As he started to put his foot over the first rail of the west track, he was struck by a south-bound suburban car, and received injuries which resulted in the amputation of one of his legs. The accident happened about 6 o'clock December 16, 1907. It is the claim of the plaintiff that, before he attempted to cross the track, he looked and listened, and neither heard nor saw the car. The tracks were straight and level where the accident occurred and for at least 50 rods north therefrom.

The plaintiff offered, in addition to his own testimony, two witnesses, the first of whom saw the car coming when it was a quarter of a mile away, and the second one saw it, at one time in his testimony he stated, at Ford's, 40 or 50 rods from where the accident occurred, and at another time he stated it was between the 8-mile road and Ford's. The testimony on the part of the defendant was to the effect that the car and the headlight were lighted, and that the crossing signals were given.

At the close of the testimony offered on the part of the plaintiff, and again after all the testimony was in, the defendant asked for a directed verdict. Among the requests offered on the part of the plaintiff was one asking for a directed verdict in favor of the plaintiff. The court declined to direct a verdict, and told the jury, in substance,

that about the only question for them was whether a proper headlight was burning.

There are more than 30. assignments of error which are grouped under three or four heads. We think it unnecessary to discuss them.

In view of the case as presented by the record, it is incredible that one in the exercise of the ordinary care of a reasonably prudent man would not have seen or heard this car coming on a straight, level track. We think the judge might very properly have said that the negligence of the plaintiff contributed to his injury, and directed a verdict in favor of defendant.

Judgment is affirmed.

OSTRANDER, C. J., and BIRD, McALVAY, and STONE, JJ., concurred.