BADY v. DETROIT UNITED RAILWAY.

STREET RAILWAYS—CONTRIBUTORY NEGLIGENCE—EVIDENCE.
Where plaintiff, on a dark, stormy night, in crossing a street and defendant's tracks, stopped and looked just before he stepped upon the tracks, but saw no car coming and he was struck by a car which carried no headlight, and which did not sound a bell or signal, there was evidence sufficient to present an issue of fact for the jury whether he was in the exercise of ordinary care.

Error to Wayne; Murphy, J.   Submitted November 13, 1913.   (Docket No. 101.)   Decided June 1, 1914.

Case by William Bady against the Detroit United Railway for personal injuries.   Judgment for defendant on a directed verdict.   Plaintiff brings error.   Reversed.

*Washington I. Robinson,* for appellant.

*Corliss, Leete & Joslyn* and *A. B. Hall,* for appellee.

BIRD, J.   This is a personal injury case, in which the trial court at the conclusion of plaintiff's case directed a verdict for the defendant, on the ground that the plaintiff contributed to his own injury.   The sole question presented is whether the trial court was in error in so doing.

The testimony discloses that on the night of November 27, 1910, plaintiff was walking south on the west side of McDougall avenue in the city of Detroit. When he reached the intersection of McDougall avenue and Hendricks street, he lowered his umbrella, and went to within a few feet of the north rail of defendant's track on Hendricks street, where he stopped, looked, and listened for an approaching car. Neither seeing nor hearing one, he proceeded on his way, and an instant later was struck by a west-bound car and injured.

It is gathered from the testimony of the plaintiff and his witnesses that the night in question was a dark and stormy one, that the car was being operated at a high rate of speed, without a headlight, and that no warning was given as it approached the intersection of the avenues.   It further appeared that there was no street light at the intersection.   Under this state of facts, we do not think it should be said, as a matter of law, that plaintiff was not in the exercise of

ordinary care in attempting to go across the track. That question was one of fact to be determined in view of all the circumstances by the jury. In determining the question, it was proper for the jury to consider to what extent the storm and darkness might have prevented him from discovering the car in season to avoid it, and it was likewise proper for them to consider to what extent the failure to have a headlight in the usual position on the car might have misled him, and also to consider whether his lack of appreciation of the danger he was in was due in any manner to the failure of defendant to do the usual thing and sound the gong as the car approached the intersection.

Notwithstanding the presence of all these conditions, as is urged by defendant, it would seem as though plaintiff ought to have seen or heard the car approaching if he took the precaution which he testified he did before attempting to go upon the track; but whether he did the thing which ordinarily careful and prudent men would do under similar circumstances is a question which is not within our province to decide. *Wavle* v. *Railways Co.*, 170 Mich. 81 (135 N. W. 914). Some light is thrown upon the question by a lady who walked down McDougall avenue for two blocks immediately behind the plaintiff. She testified that, when plaintiff was struck, she was not to exceed three feet away, and up to that time she had neither seen nor heard the approaching car.

The trial court was much influenced in his disposition of the case by the holding in *Hamilton* v. *Railway*, 167 Mich. 5 (132 N. W. 453). In that case plaintiff alighted from a north-bound car, and went around the rear and attempted to cross the south-bound track and was struck by a car. It was dark, and the claim was made that no headlight was exhibited. The question as to whether there was a headlight was submitted to the jury, and they found against the plaintiff, and the case was subsequently affirmed by this

court. We do not think that case is controlling because of the difference in conditions.

The judgment of the trial court is reversed, and a new trial granted.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OS-TRANDER, and STEERE, JJ., concurred. MOORE, J., did not sit.